IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:15-HC-2116-FL

| | |
|---|---|
| ANTHONY BUSSIE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| SARAH RALSTON, EDWARD ) | |
| LANDIS, AND ANGELA WALDEN ) | |
| WEAVER, ) | |
| ) | |
| Respondents. ) | |

On June 5, 2015, petitioner Anthony Bussie ("Bussie" or "petitioner"), proceeding *pro se*, filed a petition for writ of habeas pursuant to 28 U.S.C. § 2241 (DE 1). The matter is before the court for a preliminary review under 28 U.S.C. § 2243.

On April 3, 2012, petitioner was indicted in the United States District Court for the District of New Jersey for threatening to assault a member of the United States House of Representatives. United States v. Bussie, No. 1:12-cr-229-RMB (D.N.J. Apr. 3, 2012). Court records reflect that petitioner's trial was "continued indefinitely for reasons related to concerns about his psychiatric health." Bussie v. Mohamed, No. 14-CV-5454 (MKB), 2014 WL 7338802, at *1 (E.D.N.Y. Dec. 22, 2014). By order entered on March 11, 2014, in petitioner's criminal case, petitioner was sent to F.M.C. Butner to begin medical treatment to attempt to return him to mental competence. United States v. Bussie, No. 1:12-cr-229-RMB (D.N.J. Mar. 11, 2014).

On August 29, 2014, in this district, the government filed a petition for petitioner's commitment pursuant to 18 U.S.C. § 4246 ("§ 4246"). United States v. Bussie, No. 5:14-HC-2186-BR (E.D.N.C. Aug. 29, 2014). On April 2, 2015, in this district, Senior United States District Judge W. Earl Britt conducted a hearing and ordered petitioner committed to the custody of the Attorney General pursuant to § 4246.[1] Id., No. 5:14-HC-2186-BR (E.D.N.C. Apr. 2, 2015). On April 16, 2015, the District of New Jersey dismissed the criminal indictment against petitioner without prejudice. United States v. Bussie, No. 1:12-cr-229-RMB-1 (D.N.J. Apr. 16, 2015). In the meantime, on February 4, 2015, petitioner filed a petition for a writ of habeas corpus pursuant to 18 U.S.C. § 2241 in this court which was dismissed without prejudice. See Bussie v. Atkinson, No. 5:15-HC-2023-D (E.D.N.C. May 21, 2015). On June 5, 2015, petitioner filed the instant petition pursuant to § 2241.

A habeas corpus application allows a petitioner to challenge the fact, length, or conditions of custody and seek immediate release. See, e.g., Preiser v. Rodriguez, 411 U.S. 475, 484–85 (1973). Pretrial detainees may file a habeas corpus petition pursuant to § 2241. See 28 U.S.C. § 2241; United States v. Tootle, 65 F.3d 381, 383 (4th Cir. 1995). However, a federal pretrial detainee must first exhaust other available remedies to be eligible for habeas corpus relief under § 2241. See, e.g., Jones v. Perkins, 245 U.S. 390, 391 (1918); Riggins v. United States, 199 U.S. 547, 550–51 (1905); Fassler v. United States, 858 F.2d 1016, 1017–19 (5th Cir. 1988) (per curiam); United States v. Pipito, 861 F.2d 1006, 1009 (7th Cir. 1987); Kotmair v. United States, 143 F. Supp. 2d 532, 534 (E.D.N.C. 2001). Likewise, civilly-committed detainees also must exhaust all available remedies before pursuing relief under § 2241. Timms v. Johns, 627 F.3d 525, 533 (4th Cir. 2010); see, e.g.,

---

[1] Petitioner, through counsel, has appealed his commitment to the United States Court of Appeals for the Fourth Circuit. United States v. Bussie, No. 5:14-HC-2186-BR (E.D.N.C. Apr. 27, 2015).

Avila-Sifuentes v. U.S. Dist. Ct., No. EP-10-CV-33-KC, 2010 WL 456923, at *1 (W.D. Tex. Feb. 2, 2010) (unpublished); Gonzalez v. United States, No. 09-CV-2184-BNB, 2009 WL 4110276, at *1-2 (D. Colo. Nov. 24, 2009) (unpublished); Clark v. Revel, No. CIV-9-228-M, 2009 WL 763487, at *2 (W.D. Okla. Mar. 19, 2009) (unpublished); Meyers v. United States, No. 3:08CV10, 2008 WL 4265167, at *1 (E.D. Va Sept. 12, 2008) (unpublished).

Petitioner has not exhausted available remedies. Because petitioner's criminal and civil commitment proceedings are ongoing, the court DISMISSES the petition without prejudice. See Timms, 627 F.3d at 533.

Alternatively, federal law permits civil commitment in accord with procedures both limited in duration and reasonably related to the purpose for which a defendant is confined. See, e.g., 18 U.S.C. § 4241; United States v. Kokoski, No. 94-5700, 1996 WL 181482, at *4 (4th Cir. Apr. 17, 1996) (per curiam); United States v. Strong, 489 F.3d 1055, 1063 (9th Cir. 2007) (collecting cases). In particular, § 4246 permits civil commitment in accord with procedures which ensure fairness and accuracy of the commitment process. Perkins v. Bredenberg, No. 5:04-CT-903-H (E.D.N.C. Jan. 24, 2005), aff'd by, 133 F. App'x 888, 889 (4th Cir. 2005) (per curiam); United States v. Sahhar, 917 F.2d 1197, 1203 (9th Cir. 1990). Section 4246 provides for mandatory periodic review of the commitment decision, as well as hearings to determine whether continued confinement is warranted. See 18 U.S.C. § 4246(e). Because these requirements are in place, petitioner's involuntary commitment pursuant to § 4246 does not violate due process. See, e.g., Strong, 489 F.3d at 1062–63; United States v. Filippi, 211 F.3d 649, 651–52 (1st Cir. 2000). Accordingly, even if petitioner had exhausted his remedies with the trial and appellate courts, petitioner could not obtain relief from this court under § 2241 concerning his civil commitment.

3

For the foregoing reasons, Bussie's petition is DISMISSED without prejudice.

SO ORDERED, this the 1st day of October, 2015.

_____
LOUISE W. FLANAGAN
United States District Judge

4